UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEFTALY TORRES, JR., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AIRBNB, INC.,<br><br>    Defendant. | Case No. 25-cv-01378-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS VERIFIED PETITION TO VACATE ARBITRATION ORDER**<br><br>Re: Dkt. No. 14 |

Following the tragic death of their father, Plaintiffs Neftaly Torres, Jr., individually and as personal representative of the Estate of Neftaly Torres, Sr., and Aliah Torres filed a complaint in San Francisco Superior Court against Defendant Airbnb, Inc. for wrongful death, negligence, and negligent hiring, supervision, and retention.[1]  Complaint ("Compl.") (Dkt. No. 1-1).  Airbnb removed the action, filed on July 8, 2022, to this Court on July 12, 2022.  Dkt. No. 1.  After Plaintiffs unsuccessfully moved to remand the action to state court, the parties stipulated to submit all claims to binding arbitration.  Dkt. Nos. 6, 13, 24, 37, 38.  The underlying action – *Torres Jr. v. Airbnb, Inc.*, No. 3:22-cv-04087-AMO – was then stayed and administratively closed pending completion of arbitration.  Dkt. Nos. 38, 40.

On November 9, 2024, the arbitrator issued an order resolving Plaintiffs' claims in favor of Airbnb.  Declaration of Kajsa M. Minor in Support of Airbnb, Inc.'s Motion to Dismiss Verified Petition to Vacate Arbitration Order Pursuant to Rule 12(b)(6) and Cross-Petition to Confirm Arbitration Order (Dkt. No. 14-1) ¶ 5.  The American Arbitration Association ("AAA") emailed all parties the order on November 14, 2024.  *Id.*  Seeking to vacate the arbitration order, on

---

[1] Neftaly Sr. died while vacationing in Aruba.  Compl. ¶ 14.  He and his girlfriend had booked and arranged the entire trip through the Airbnb website.  *Id.* ¶ 10.

1  February 10, 2025, Plaintiffs commenced a second civil action – *Torres Jr. v. Airbnb, Inc.*, No.
2  3:25-cv-01378-AMO – and served Airbnb with the initiating documents on February 19, 2025.
3  Verified Petition to Vacate Arbitration Order ("Petition") (Dkt. No. 1); Summons Returned
4  Executed (Dkt. No. 6). Airbnb moves to dismiss the Petition and cross-moves to confirm the
5  arbitration order on the grounds that Plaintiffs' petition is untimely and fails on the merits. Motion
6  to Dismiss Verified Petition to Vacate Arbitration Order Pursuant to Rule 12(b)(6) and Cross-
7  Petition to Confirm Arbitration Order (Dkt. No. 14); Reply Brief in Support of Airbnb, Inc.'s
8  Motion to Dismiss Verified Petition to Vacate Arbitration Order Pursuant to Rule 12(b)(6) and
9  Cross-Petition to Confirm Arbitration Order (Dkt. No. 20). Plaintiffs oppose. Opposition to
10 Airbnb's Motion to Dismiss Verified Petition to Vacate Arbitration Order Pursuant to Rule
11 12(b)(6) and Cross-Petition to Confirm Arbitration Award ("Opp.") (Dkt. No. 18). Because the
12 untimeliness of Plaintiffs' Petition is dispositive, the Court takes that issue up first without
13 reaching the remaining substantive issues Airbnb raises in its motion.

14       The Federal Arbitration Act requires that "[n]otice of a motion to vacate, modify, or
15 correct an award . . . be served upon the adverse party or his attorney within three months after the
16 award is filed or delivered." 9 U.S.C. § 12. The AAA delivered the arbitrator's order on
17 November 14, 2024. Plaintiffs filed the Petition commencing this action on February 10, 2025 but
18 did not serve Airbnb with the Petition until February 19, 2025, after the 90-day period to serve
19 expired on February 14, 2025. The Petition is therefore untimely. *See Stevens v. Jiffy Lube Int'l,*
20 *Inc.*, 911 F.3d 1249, 1251 (9th Cir. 2018) (affirming denial of petition where "[t]he arbitrator
21 delivered the final award on September 14, 2016, and the [petitioners] filed th[e] lawsuit and
22 served [the respondent] on December 15, 2016[,]" which was "[t]hree months and one day after
23 [the] arbitrator ruled against them."); *see also ITN Flix, LLC v. Trejo*, 850 F. App'x 589 (9th Cir.
24 2021) (affirming trial court's decision to deny petition to vacate and grant cross-petition to
25 confirm arbitration award where the "petition to vacate the arbitration award was untimely[,]"
26 having not been served on the opposing party or his counsel "within three months after the final
27 arbitration award was delivered.").

28       Plaintiffs' attempt to save their Petition from a finding of untimeliness, claiming excusable

United States District Court
Northern District of California

1   neglect, good cause, and lack of prejudice, fails. Assuming, without deciding, that these doctrines
2   apply in this context, Plaintiffs have made no showing justifying their failure to timely serve their
3   Petition as required. Plaintiffs assert, without providing sworn facts, that "the process server was
4   unable to, or simply failed to, serve Airbnb before the three months. This is precisely the type of
5   excusable neglect that justifies an extension of time for service." Opp. at 9. Plaintiffs also assert
6   that "there is good cause for the late service and Petitioners' actions constitute at worst, excusable
7   neglect." *Id.* at 10. They claim, "[t]he petition was timely. And Petitioners made efforts to serve
8   the petition within the three-month deadline. Even still, the documents were served only four days
9   late (the three months ended on a Saturday, Monday was Presidents' Day)." *Id.* Third, Plaintiffs
10  contend "there is no prejudice to Airbnb," which, according to Plaintiffs, "is a sophisticated
11  company that monitors court dockets[,] . . . removed the original state court case to federal court
12  the day after the summons was issued, and before Petitioners could even serve the lawsuit." *Id.* at
13  10. Plaintiffs assert, without support, that "[t]here is good reason to believe that Airbnb had notice
14  of the petition the day it was filed or soon after." *Id.* at 10-11. Fourth, Plaintiffs claim that they
15  "made good faith efforts to file and serve the petition on time. The service fell short for reasons
16  out of [their] control." *Id.* at 12. Finally, Plaintiffs make the following request:

> [I]f the Court is inclined to dismiss the petition on the basis that
> Airbnb did not have proper notice, Petitioners ask for a deferral on
> the dismissal and an order compelling Airbnb to respond to
> discovery requests and to produce a corporate representative
> deposition to testimony on narrowly tailored notice topics.
> Petitioners anticipate that Airbnb will argue that it did not have
> notice. But that argument would be disingenuous based on this case
> where Airbnb knew the lawsuit was filed long before Petitioners
> served the company and snap-removed Petitioners' state court case
> to avoid a state court venue.

23  Opp. at 11.

24          Plaintiffs offer no legal authority for their request to defer dismissal and allow discovery
25  nor any specific facts in support of their arguments. Instead, they rely on a declaration that only
26  generally "attest[s to] that the facts as outlined in Petitioners' Petition to Vacate Arbitration Order
27  and their Opposition to Airbnb's motion to dismiss the petition and Cross-Petition to Confirm
28  Arbitration Award." Declaration of Roland Christensen in Support of Petitioners' Opposition to

3

Airbnb's Motion to Dismiss Verified Petition to Vacate Arbitration Order Pursuant to Rule 12(b)(6) and Cross-Petition to Confirm Arbitration Award (Dkt. No. 18-7) ¶ 2. This demonstrates yet another instance of noncompliance with applicable requirements, as Civil Local Rule 7-5 provides that:

> (a) Affidavit or Declaration Required. Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration.
>
> (b) Form. An affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

Civil L.R. 7-5. Without facts demonstrating that Plaintiffs are entitled to assert any of theories they advance in their opposition, the Court finds no grounds to excuse the untimeliness of Plaintiffs' Petition. Dismissal due to untimeliness is thus warranted. Plaintiffs' Petition to Vacate the Arbitration Order is therefore **DENIED**, and Airbnb's Cross-Petition to Confirm the Order is **GRANTED** on that basis. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) ("Under the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11.").

**IT IS SO ORDERED.**

Dated: October 10, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

4